**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3356
_____

MARY K. PRIMROSE,
                              Appellant

v.

TRENT MELLOT;
TOWNSHIP OF UPPER ALLEN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-00835)
District Judge: Hon. Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2015

BEFORE: FISHER, CHAGARES and COWEN, <u>Circuit Judges</u>

(Filed May 1, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

COWEN, Circuit Judge.

Mary Primrose ("Appellant") appeals the District Court's order overruling her objections to a bill of costs and affirming the cost of $2,061.25 taxed by the Clerk of Court. For the reasons detailed below, we will affirm.

**I.**

Because we write solely for the parties, we will only set forth the facts necessary to inform our analysis. Appellant filed suit in federal court against Trent Mellot ("Appellee") and the Township of Upper Allen, alleging violations of her federal constitutional rights and a state law claim of false arrest. The parties filed cross-motions for summary judgment. Appellant's motion was denied, while Appellee's motion was granted in part only. A jury returned a verdict for the defendants on the remaining claims and a judgment in favor of them was entered the same day. We affirmed that judgment. Appellee then sought an award of costs in the amount of $3,933.29. Appellant objected, arguing that she is indigent and that certain items listed in Appellee's bill of costs are not properly taxable. The Clerk of Court agreed with Appellant in part and reduced the award to Appellee to $2,061.25. Appellant then filed objections with the District Court, which it overruled and affirmed the taxation of costs. The current appeal followed.

**II.**

Given the District Court's discretionary equitable power to award costs under Rule 54(d)(1), taxation of costs is reviewed only for an "abuse of discretion." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000) (citations omitted). We note that Rule

54(d)(1) "creates the 'strong presumption' that costs are to be awarded to the prevailing party." *Id.* at 462 (citation omitted).

Appellant argues that the District Court abused its discretion in taxing costs against her because she is indigent and unable to pay. But we have held that even if a losing party is indigent or unable to pay the full measure of costs, a district court is not required to automatically reduce costs. *Id.* at 464. Here, the District Court considered the fact that Appellant's monthly income is $883.00 per month, that she cannot work, and that she receives rent subsidy payments for housing. It then reviewed cases in which courts have reduced or vacated costs and concluded that reductions were typically made in cases involving greater financial burdens than those presented here. Although the District Court noted Appellant's limited monthly income, it again determined that, because the costs placed on her were less onerous than in cases where reductions were allowed, the costs were reasonable. Under these circumstances, and in light of the analysis conducted by the District Court, we cannot conclude that its decision to tax $2,061.25 in costs to Appellant constitutes an abuse of discretion.

The cases relied on by Appellant do not convince us otherwise, as in those cases too, the court declined to award costs to the prevailing party in instances involving greater financial burdens than those suffered by Appellant here. *See Yudenko v. Guarinni*, No. 06-cv-4161, 2010 WL 2490679, at *4 (E.D. Pa. June 15, 2010) (refusing to require plaintiff to pay costs when he had no income, was disabled, did not receive government assistance or benefits, had no assets, and owed a debt to Lancaster County in the amount

of $20,000); *Lindsey v. Vaughn*, No. Civ. A. 93-2030, 2001 WL 1132409, at *1 (E.D. Pa. Sept. 24, 2001) (refusing to require plaintiffs to pay costs when one earned only $15 a month and the others earned only approximately $30 per month, with no other sources of income). To be sure, we make no determination as to whether the District Court, in light of Appellant's limited income, could have decided that a decrease in the award of costs would have been appropriate. We merely conclude that its refusal to do so does not constitute an abuse of discretion.

Nor did the District Court abuse its discretion by taxing as costs to Appellant certain deposition transcripts and witness fees. Although Appellant concedes that discovery depositions are taxable, she nonetheless argues that the deposition costs should be excluded because they were not necessary. However, as Appellee points out in his brief, the depositions at issue were both cited and used in his motion for summary judgment. Accordingly, the decision to include their cost in the award to Appellee was not erroneous. *See* 28 U.S.C. § 1920.

**III.**

In light of the foregoing, the judgment of the District Court entered on June 18, 2014, will be affirmed.